IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

LEWIS D. BAKER,

    Plaintiff,

    v.

RIGNET, INC., JAMES H. BROWNING,
GAIL SMITH, STEVEN E. PICKETT,
KEVIN J. O'HARA, MATTIA CAPRIOLI,
DITLEF DE VIBE, KEVIN MULLOY,
KEITH OLSEN, BRENT K.
WHITTINGTON, VIASAT, INC., and
ROYAL ACQUISITION SUB, INC.,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 21, 2020 (the "Proposed Transaction"), pursuant to which RigNet, Inc. ("RigNet" or the "Company") will be acquired by Viasat, Inc. ("Parent") and Royal Acquisition Sub, Inc. ("Acquisition Sub," and together with Parent, "Viasat").

2. On December 20, 2020, RigNet's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Viasat. Pursuant to the terms of the Merger Agreement, RigNet's stockholders will receive 0.1845 shares of Parent common stock for each share of RigNet common stock they

own.

3. On February 1, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RigNet common stock.

9. Defendant RigNet is a Delaware corporation with offices located at 58 Inverness Drive, East Englewood, Colorado 80112. RigNet's common stock is traded on the NASDAQ

under the ticker symbol "RNET."

10. Defendant James H. Browning is Chairman of the Board of the Company.

11. Defendant Gail Smith is a director of the Company.

12. Defendant Steven E. Pickett is Chief Executive Officer, President, and a director of the Company.

13. Defendant Kevin J. O'Hara is a director of the Company.

14. Defendant Mattia Caprioli is a director of the Company.

15. Defendant Ditlef de Vibe is a director of the Company.

16. Defendant Kevin Mulloy is a director of the Company.

17. Defendant Keith Olsen is a director of the Company.

18. Defendant Brent K. Whittington is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Acquisition Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

22. RigNet delivers advanced software and communications infrastructure that allow its customers to realize the business benefits of digital transformation.

23. With world-class, ultra-secure solutions spanning global IP connectivity, bandwidth-optimized OTT applications, IIoT big data enablement, and industry-leading machine learning analytics, the Company supports the full evolution of digital enablement, empowering

businesses to respond faster to high priority issues, mitigate the risk of operational disruption, and maximize their overall financial performance.

24. On December 20, 2020, RigNet's Board caused the Company to enter into the Merger Agreement with Viasat.

25. Pursuant to the terms of the Merger Agreement, RigNet's stockholders will receive 0.1845 shares of Parent common stock for each share of RigNet common stock they own.

26. According to the press release announcing the Proposed Transaction:

> RigNet, Inc. (NASDAQ: RNET, the "Company"), a leading provider of ultra-secure, intelligent networking solutions and specialized applications, announced that its Board of Directors has unanimously approved the Company's entry into a definitive agreement whereby Viasat Inc. (NASDAQ: VSAT) will acquire RigNet in an all-stock transaction representing an enterprise value of $222 million, including RigNet's net debt as of September 30, 2020, based on the closing price of Viasat common stock on December 18, 2020. The strategic combination creates a vertically integrated communications company serving customers in industries that include government, airlines, residential, energy, and others by providing cutting-edge connectivity from the satellite to the end customer and delivering premier managed communications services coupled with a suite of advanced application solutions that include real-time machine learning and advanced cybersecurity. . . .
>
> Transaction Details
>
> Under the terms of the agreement, RigNet's stockholders will receive a fixed exchange ratio of 0.1845 shares of Viasat stock for each RigNet share owned. Based on the parties' volume weighted average prices ("VWAPs") for the 20 trading days ending on December 18, 2020, the transaction represents a 17.9% premium for RigNet's stockholders. Upon closing RigNet stockholders are expected to own approximately ~5.7% of Viasat's outstanding common stock. The all-stock transaction is intended to be tax-free to RigNet stockholders.
>
> The transaction, which is expected to close by mid-calendar year 2021, is subject to customary closing conditions and regulatory approvals, including the approval of RigNet's stockholders. An affiliate of KKR & Co. Inc., RigNet's largest shareholder, has entered into a support agreement in which it has agreed to vote in favor of approving the merger, subject to certain conditions.

Advisors

Lazard Middle Market LLC and Baker Botts L.L.P. acted as RigNet's financial and legal advisors, respectively. LionTree Advisors LLC and Latham & Watkins LLP acted as Viasat's financial and legal advisors, respectively.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Registration Statement omits material information.

29. First, the Registration Statement omits the Company's and Viasat's financial projections.

30. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The Registration Statement fails to disclose Viasat's financial projections.

32. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

33. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Stifel, Nicolaus & Company, Incorporated ("Stifel").

34. With respect to Stifel's Selected Comparable Company Analysis of RigNet, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

35. With respect to Stifel's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

36. With respect to Stifel's Discounted Cash Flow Analysis of RigNet, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) Stifel's basis for applying a range of exit multiples of 5.0x to 7.0x; (iii) Stifel's basis for applying a range of perpetuity growth percentages from 0.00% to 2.00%; and (iv) the individual inputs and assumptions underlying the discount rates of 12.0% to 14.0%.

37. With respect to Stifel's Selected Comparable Company Analysis of Viasat, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

38. With respect to Stifel's Discounted Cash Flow Analysis of Viasat, the Registration Statement fails to disclose: (i) the Viasat projections used in the analysis and all underlying line items; (ii) Stifel's basis for applying ranges of exit multiples of 5.0x to 7.0x and 8.5x to 10.5x; (iii) Stifel's basis for applying a range of perpetuity growth percentages from 1.00% to 3.00%; and (iv) the individual inputs and assumptions underlying the discount rates of 7.0% to 9.0%.

39. With respect to Stifel's Pro Forma Combined Company Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the pro forma combined company financial forecasts used in the analysis, including the unlevered free cash flows and all underlying line items; (ii) the synergies used in the analysis; (iii) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 9.0%; (iv) the terminal values used in the analysis; (v) Stifel's basis for applying multiples ranging from 6.5x to 8.5x; (vi) Stifel's basis for applying a growth range for the combined company in perpetuity of 1.0% to 3.0%; (vii) the

individual inputs and assumptions underlying the range of discount rates of 7.0% to 9.0%; (viii) the net debt used in the analysis; and (ix) the pro forma fully diluted share count of the combined company.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. Third, the Registration Statement fails to disclose the terms of the Company's additional financial advisor Lazard Middle Market LLC's ("Lazard") engagement.

42. The Registration Statement fails to disclose: (i) the amount of compensation Lazard has received or will receive in connection with its engagement; (ii) the amount of Lazard's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether Lazard performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by Lazard for providing such services.

43. Fourth, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions.

44. The omission of the above-referenced material information renders the Registration Statement false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and RigNet**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  RigNet is liable as the issuer of these statements.

48.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Viasat

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Viasat acted as controlling persons of RigNet within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of RigNet and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Viasat was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

58. Viasat also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59. By virtue of the foregoing, the Individual Defendants and Viasat violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Viasat had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 25, 2021               **RIGRODSKY LAW, P.A.**

                                        By:  */s/ Gina M. Serra*
                                             Gina M. Serra
                                             825 East Gate Boulevard, Suite 300
                                             Garden City, NY 11530
                                             Telephone: (516) 683-3516
                                             Facsimile: (302) 654-7530
                                             Email: gms@rl-legal.com

                                             *Attorneys for Plaintiff*